SUAU, PLAINTIFF AND APPELLEE, *v.* SCHOOL BOARD OF SAN JUAN, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an Action for Rescission of Contract.

No. 2808.—Decided June 8, 1923.

SALE OF LAND FOR PUBLIC USE—CONTRACT—RESCISSION OF CONTRACT.—The mere statement made in a deed of sale of land to a school board that the land will be used for opening a street, or other similar statements, are not considered· as conditions or limitations of the grant. When a sale is made ''without reservation or limitation'' for a presumably commensurable money consideration, an interpretation in favor of a rescission or forfeiture should not prevail, especially when even if the vendee did not construct a street, the land was not devoted to any use inconsistent therewith.

The facts are stated in the opinion.
*Mr. Juan de Guzmán Benítez* for the appellant.
*Messrs. S. Suau* and *F. Soto Gras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The court below decreed the rescission of a deed and ordered a reconveyance of the property to vendor and the return by him of the purchase price for reasons stated as follows:

''In this case it is alleged by the plaintiff that by a deed of November 5, 1915, executed before notary Frank Antonsanti of

San Juan the plaintiff sold to the School Board of San Juan a lot of land in the Southern District of the ward of Santurce of this city measuring 18 meters on Cerra Street by 29 meters deep. with an area of 539 square meters, for the price of one thousand dollars.

"That the said lot was bought by the Board for the purpose of opening a street connecting Congreso Street of Miramar with Cerra Street.

"That The People of Porto Rico has begun the construction of the street called the Southern Highway running from San Antonio Bridge to Martín Peña as a prolongation of Congreso Street. Miramar, traversing the land of the plaintiff for a few meters on the north of the lot sold to the School Board, and that for the purposes of this new street the plaintiffs conveyed to The People of Porto Rico a lot of 459.93 square meters.

"That by virtue of the said extension with the Southern Highway the School Board will be unable to comply with the covenant contained in the deed of sale of the lot conveyed to it, and therefore the plaintiff prays for a rescission of the contract.

"The defendant answered the complaint and denied that the said lot had been acquired for the purpose of opening a street connecting Congreso and Cerra Streets.

"Other denials are made by the defendant, new matter is alleged and the defendant opposes the rescission of the contract and the return of the money paid.

"The evidence in this case having been heard, we find that the averments of the complaint have been proved, and the fourth clause of the deed executed by the parties reads as follows:

" 'Fourth.—The grantors hereby make delivery of the land sold to the grantee, and now transfer to it their possession, it being understood that the said land shall be destined by the School Board of San Juan for a street connecting Congreso and Cerra Streets.'

"We should consider that plaintiff has other land besides the lot sold to the defendant and that the use of the lot for the connection of Congreso and Cerra Streets has undoubtedly influenced the purchase price of the said lot because the extension to Cerra Street would certainly result in a benefit to the remaining land of the plaintiff.

"The condition referred to in the clause quoted can not be complied with now, inasmuch as The People of Porto Rico has

constructed the Southern Highway as a prolongation of Congreso Street."

The new matter, of which such casual mention is made in the foregoing extract, is in substance that the deed contained no provision for rescission in the event of failure to dedicate the land in question to the construction of a street; and that, while defendant is not prohibited from making any use thereof consistent with the purpose for which a school board is created, the fact is that the strip is and always will be needed, and is now being used for the purpose for which it was acquired, to wit: as a means of access to the Rafael Cordero School for the convenience of children living on nearby streets, including Cerra Street.

Here we may say in passing that the evidence leaves no doubt in our mind that in so far as the school board was concerned the primary purpose of the purchase was that last above suggested; and that, as stated by the chairman of the board who accepted the deed, if in the course of the negotiations any proposition for the conveyance of a determinable fee, or the transfer of an estate upon condition, had been made, the instrument would never have been signed. Indeed, it seems to be quite clear from the whole record, and was even asserted by plaintiff himself at the hearing *arguendo* upon another point, that unless this parcel had been obtained the purchase of a larger tract upon which the school building was later erected would never have been consummated.

It may be, as claimed by plaintiff and as found by the court below, that the anticipated enhancement in value of the unsold remainder may have influenced the vendor to some extent in arriving at a final agreement as to the purchase price. On the other hand, *non constat* whether, if one cross street be so great an inducement, then two

such intersecting means of communication do not constitute a double advantage.

The real point, however, entirely overlooked by the district court, is that plaintiff herein is not the donor of a charity which has failed, but an alert and intelligent attorney-at-law who sold with his eyes open for a substantial and presumably commensurable money consideration,—which, in the absence of any express provision for reversion, suffices to negative that idea. See note to *McElroy v. Pope,* 44 L. R. A. (NS), 1220, at page 1223, and cases cited.

The school board did not undertake to insure its vendor against any possible alteration in the plans of the Insular Government, or change in the route of the contemplated insular highway. Much less did it contract in such event to pave, macadamize or otherwise construct or maintain in a finished state any public thoroughfare. But if it could have made, and had made, such an agreement, the mere completion of the insular road over a different route would be no obstacle to the performance of the obligation last mentioned.

Nor do we find in the terms of the deed any logical basis for the view taken below and now urged in support of the judgment, as to the existence of a clear condition subsequent. Suau and his wife "sold, granted and conveyed the parcel described to the school board, transferring to it their ownership together with all rights incident thereto, without reserve or limitation" of any sort or kind. Any contradiction or qualification of language at once so plain and broad, or limitation or condition imposed upon this absolute grant, must be found, if at all, in such inference as can be drawn from the vague reference to an understanding as to contemplated use, tacked on to the clause purporting delivery of possession.

Not only is the writing to be taken as a whole, but the entire instrument must be read in the light of the general rule that a construction involving forfeiture is not favored. Cases arising out of the conveyance of land for school purposes constitute no exception to this rule, but rather serve to illustrate it. Thus in the note to *McElroy* v. *Pope, supra,* we find at page 1222 that:

"In general, mere statements in the deed that the property is conveyed for school purposes, or is to remain for such purposes, and similar statements, are not considered as conditions or limitations of the grant."

In the instant case the testimony as a whole, including that of plaintiff, seems to strengthen rather than to militate against the view that no question of rescission or forfeiture contingent upon any future event,—with the possible exception of a deliberate and definite diversion to some purpose inconsistent with public use of the strip as a street,—was in the mind of any of the parties at the time of the transfer. Certainly there could have been no meeting of minds upon the inclusion in the deed of any such condition subsequent.

Not only has defendant made no use of the parcel of land in question inconsistent with that indicated in the deed, but, on the contrary, it has built a sidewalk the full length of the strip for the use of the school children and of the public, thus connecting the school directly with Cerra Street. Meanwhile, the school board for its own protection has been compelled to purchase a number of additional lots intervening between the proposed prolongation of Congreso Street and the route finally adopted in laying out the insular highway. Meanwhile, also, the proposed prolongation of Congreso Street remains upon the maps introduced in evidence, and there is no indication of abandonment by the municipality of any plans that it may have

had for the adoption and opening up at its convenience of the new street as a prolongation of Congreso Street.

The judgment appealed from must be reversed and the action dismissed.

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.